OPINION
{¶ 1} Defendant-appellant, HCF, Inc. ("HCF"), appeals a Fayette County Court of Common Pleas decision denying its motion to stay discovery pending arbitration and to compel arbitration.
 {¶ 2} In November 1997, plaintiff-appellee, Cathy Barr, as responsible party, placed Ethel Yarger into Court House Manor, a nursing home operated by HCF. Appellee signed an admission agreement. The agreement contained the following terms concerning the resolution of disputes:
 {¶ 3} "B. Resident's Rights. Any controversy, dispute, disagreement or claim of any kind arising between the parties after the execution of this Agreement in which Resident or a person on his/her behalf alleges a violation of any right granted Resident in a State or Federal statute shall be settled exclusively by binding arbitration.
 {¶ 4} "C. All Other Disputes. Any controversy, dispute, disagreement or claim of any kind arising between the parties after the execution of this Agreement * * * shall be settled exclusively by binding arbitration. This arbitration clause is meant to apply to all controversies, disputes, disagreements or claims including, but not limited to, all breach of contract claims, negligence and malpractice claims, and all other tort claims."
 {¶ 5} A separate disclaimer, off-set by font and all-capitalized letters, stated the following:
 {¶ 6} "THE PARTIES UNDERSTAND THAT BY SIGNING THIS AGREEMENT THAT THEY ARE AGREEING TO WAIVE THEIR RIGHTS TO SUE IN A COURT OF LAW AND ARE AGREEING TO ARBITRATE DISPUTES. THE PARTIES DO FOR THEMSELVES, THEIR HEIRS, ADMINISTRATORS AND EXECUTORS, AGREE TO THE TERMS OF THIS AGREEMENT IN CONSIDERATION OF THE FACILITY'S ACCEPTANCE OF AND RENDERING SERVICES TO THE RESIDENT."
 {¶ 7} In July 2003, Yarger fell while under HCF's care and sustained personal injuries. She died ten days after the fall. In June 2004, appellee, as administratrix of the estate of Ethel Yarger, brought suit against appellant, asserting a wrongful death claim, a survivorship claim, and a violation of the Ohio Patient's Bill of Rights.
 {¶ 8} Appellant moved the trial court to stay discovery proceedings pending arbitration and to compel arbitration citing the above provisions of the agreement. Appellee opposed the motions arguing that she, as administratrix of the estate, was not a party to the agreement, or alternatively, that the agreement was terminated by its own terms upon the death of Yarger. The trial court, without hearing, denied appellant's motions and issued a journal entry that found the arbitration clause to be unconscionable and thus unenforceable.
 {¶ 9} Appellant raises two assignments of error:
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "THE LOWER COURT ERRED TO THE PREJUDICE OF THE DEFENDANTA-PPELLANT HCF, INC. WHEN IT REFUSED TO STAY DISCOVERY AND REFER THE MATTER TO ARBITRATION PURSUANT TO A VALID ARBITRATION CLAUSE."
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "THE LOWER COURT ERRED TO THE PREJUDICE OF THE DEFENDANTA-PPELLANT HCF, INC. WHEN IT FAILED TO HOLD A HEARING BEFORE REFUSING TO ISSUE AN ORDER REFERRING THIS MATTER TO ARBITRATION."
 {¶ 14} Because we find the resolution of the second assignment of error to be dispositive, we shall address the assignments out of order. Appellant argues that it was entitled to a hearing pursuant to R.C. 2711.03
prior to the trial court's ruling upon its motions to stay proceedings and compel arbitration. We agree with this argument.
 {¶ 15} An appellate court will review a trial court's decision to grant or deny a motion to compel arbitration under an abuse of discretion standard. Eagle v. Fred Martin Motor Co., 157 Ohio App.3d 150,2004-Ohio-829, ¶ 10. An abuse of discretion suggests more than an error of law or judgment but instead implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. See Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} In this case, appellant moved the trial court to compel arbitration. R.C. 2711.03 provides a method of direct enforcement of arbitration clauses through an order to compel. See Maestle v. Best BuyCo., 100 Ohio St.3d 330, 2003-Ohio-6465.
 {¶ 17} R.C. 2711.03 states, in pertinent part, the following:
 {¶ 18} "(A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear theparties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.
 {¶ 19} "(B) If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue. If no jury trial is demanded as provided in this division, the court shall hear and determine that issue. * * * [I]f the issue of the making of the arbitration agreement or the failure to perform it is raised, either party, on or before the return day of the notice of the petition, may demand a jury trial of that issue. * * *." (Emphasis added.)
 {¶ 20} R.C. 2711.03(A) requires that a hearing be held to determine whether "the making of the agreement for arbitration or the failure to comply with the agreement is not in issue." If the court determines that the validity of the arbitration is in issue, then the statute requires the court proceed summarily to a jury trial on the sole issue of the validity of the arbitration provision. R.C. 2711.03(B); Benson v. SpitzerMgt., Inc., Cuyahoga App. No. 83558, 2004-Ohio-4751.
 {¶ 21} We find the trial court committed reversible error when it did not hold the statutorily mandated hearing. The trial court only filed a short journal entry. It denied appellant's motion on the basis of Smallv. HCF of Perrysburg, Inc., 159 Ohio App.3d 66, 2004-Ohio-5757, stating the arbitration clause was unenforceable on equity grounds.
 {¶ 22} The second assignment of error is sustained. Given our ruling on the second assignment of error, the first assignment of error has been rendered moot and will not be addressed.
 {¶ 23} Judgment reversed and the cause is remanded for further proceedings.
Powell, P.J., and Young, J., concur.