OPINION
{¶ 1} Appellant, Andover Village Retirement Community, Ltd. appeals the judgment entry of the Ashtabula County Court of Common Pleas finding an arbitration provision in the subject Nursing Home Admission Agreement ("agreement") *Page 2 
unconscionable and unenforceable. For the reasons that follow, we reverse and remand for further proceedings.
 {¶ 2} Appellee, Scott Allen Barnes, is the court-appointed administrator of the estate of Robert L. Barnes, deceased. Following the submission by both parties of pertinent authority and affidavits, the trial court made findings of fact as outlined herein. Robert had been involved in a motor vehicle accident which left him a quadriplegic. Gary L. Barnes wanted to admit his son Robert into appellant's nursing home because it was his understanding that appellant's facility was the only one in the area that had a special bed which Robert required as a quadriplegic.
 {¶ 3} On March 11, 2002, Gary brought Robert to appellant's facility in Andover, Ohio to admit him pursuant to a power of attorney Robert had executed in favor of his father.
 {¶ 4} While Gary was in the process of admitting his son, nursing home staff gave Gary a substantial amount of documents to review and sign, including the eleven-page, single-spaced agreement containing an arbitration provision. Gary is a retired truck driver with a high school education. Gary was not given sufficient time to review these documents prior to being told by staff to sign them. Staff informed Gary it was necessary for him to sign the documents for his son to be admitted. The provisions of these documents were not explained to him. He was not given any opportunity to consult with counsel concerning the agreement. He felt he was forced to sign the agreement because his son would not be admitted to appellant's nursing home unless he did so. *Page 3 
 {¶ 5} The agreement requires binding arbitration before the American Health Lawyers Association for all disputes or claims, including contract and negligence claims and even claims alleging fraud in the inducement concerning the agreement itself. The arbitration provision requires any party to the arbitration to pay the attorney fees of the prevailing party and prejudgment interest, which are generally not available in civil actions.
 {¶ 6} The agreement is a form agreement drafted by appellant. All residents are required to sign the agreement, and it does not provide any means by which a resident can reject the arbitration provision. Arbitration is thus a required condition for admission to appellant's facility.
 {¶ 7} Appellee alleged in his complaint that as a result of the negligence of appellant, Robert sustained personal injury and wrongful death. Appellant filed its answer, which included as an affirmative defense that the trial court did not have subject matter jurisdiction over the case because the parties had signed the agreement which contained a provision requiring binding arbitration. The trial court assigned the case for hearing on July 16, 2003 to consider that affirmative defense. The parties submitted briefs and evidentiary materials in support of their respective positions.
 {¶ 8} The trial court, in its judgment entry, dated October 9, 2003, found that appellant had failed to follow the statutory procedures at R.C. 2911.03 in raising the arbitration issue and set the case for pretrial. Instead of complying with those statutory procedures, on November 12, 2003, appellant filed an appeal from the trial court's judgment entry in Barnes v. Andover Village Retirement Community, 11th Dist. No. 2003-A-0122, 2004-Ohio-1705 ("Barnes I"). Appellee filed a motion to dismiss the *Page 4 
appeal, arguing that it had not been timely filed and that the trial court had not entered a final appealable order. On March 12, 2004, this court dismissed the appeal as untimely.
 {¶ 9} Thereafter, on November 17, 2003, appellant filed in the trial court a petition under R.C. 2711.03 for an order directing that arbitration proceed and an application under R.C. 2711.02 to stay the trial until arbitration was completed. Appellee challenged the arbitration provision as unconscionable.
 {¶ 10} On December 31, 2003, the State of Ohio Job and Family Services ("state") filed a motion to intervene as a party-plaintiff. The court granted the motion. On January 8, 2004, the state filed its complaint in this action to recover the amounts it had expended from the defendants for medical services incurred by Robert arising from the occurrence alleged in appellee's complaint. The state is not a party to the agreement. Its claim remains pending in the trial court.
 {¶ 11} The court set the matter for a status conference on May 17, 2004. Appellant states in his appellate brief that at this conference, the court "ordered that the parties submit briefs with there [sic] respective positions. However, rather than setting a briefing schedule which would allow the Appellant to respond to any arguments made by Appellee, the Court ordered that both parties [sic] briefs would be due on the same day, June 7, 2004." On June 7, 2004, appellant filed a brief in support of its motion for an order directing that arbitration proceed, and appellee filed a brief in opposition, arguing that the arbitration provision was unconscionable.
 {¶ 12} On June 9, 2006, the trial court entered its judgment entry, finding the arbitration provision of the agreement unconscionable and unenforceable, overruling appellant's petition for an order directing that arbitration proceed, and ordering that this *Page 5 
matter would proceed on the court's regular civil docket. This appeal follows. Appellant asserts two assignments of error. For its first assignment of error, appellant asserts:
 {¶ 13} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT DENIED THE APPELLANT'S PETITION TO ORDER ARBITRATION WITHOUT HOLDING THE STATUTORILY MANDATED HEARING AND TRIAL PURSUANT TO R.C. 2711.03(A) AND R.C. 2711.03(B).
 {¶ 14} Before we may consider the merits of an appeal, we must first determine that the judgment entry appealed from is a final appealable order. In the event that the parties to an appeal do not raise this jurisdictional issue, we must raise it sua sponte. Chef Italiano Corp.v. Kent State Univ. (1989), 44 Ohio St.3d 86, 87.
 {¶ 15} Appellate courts have jurisdiction to review only final orders or judgments of the inferior courts in their district. Ohio Constitution, Sec. 3(B)(2), Art. IV; R.C. 2505.02. If an order is not final and appealable, we have no jurisdiction to review the matter and must dismiss it. General Acc. Ins. Co. v. Insurance Co. of NorthAmerica (1989), 44 Ohio St.3d 17, 20.
 {¶ 16} The order appealed from denied appellant's motion to compel arbitration. R.C. 2711.02 provides in pertinent part: "An order under this section that grants or denies a stay of a trial of any action pending arbitration, * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
 {¶ 17} In Bakula v. Schumacher Homes, Inc. (Feb. 23, 2001), 11th Dist. No. 2000-G-2272, 2001 Ohio App. LEXIS 688, this court held that, pursuant to Stewart v. *Page 6 Shearson Lehman Bros. Inc. (1992), 71 Ohio App.3d 305, an order that grants or denies a motion to stay the proceedings pending arbitration does not require a certification under Civ.R. 54(B) that there is "no just reason for delay" to be final and appealable. Id. at *3.
 {¶ 18} Under its first assignment of error, appellant argues it was entitled to a hearing and summary trial under R.C. 2711.03(A) and (B), and that because the court did not conduct such proceedings, it is entitled to a reversal of the court's judgment. We agree.
 {¶ 19} R.C. Chapter 2711 authorizes direct enforcement of arbitration agreements through an order to compel arbitration pursuant to R.C.2711.03 and indirect enforcement pursuant to an order staying the trial pending appeal under R.C. 2711.02. A party may choose to move for a stay, petition for an order to proceed to arbitration, or seek both.Maestle v. Best Buy Co., 100 Ohio St.3d 330, 333-334, 2003-Ohio-6465.
 {¶ 20} R.C. 2711.03 provides in pertinent part:
 {¶ 21} "(A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. Five days' notice in writing of that petition shall be served upon the party in default. Service of the notice shall be made in the manner provided for the service of a summons. The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall *Page 7 
make an order directing the parties to proceed to arbitration in accordance with the agreement.
 {¶ 22} "(B) If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue. If no jury trial is demanded as provided in this division, the court shall hear and determine that issue. * * * [I]f the issue of the making of the arbitration agreement or the failure to perform it is raised, either party, on or before the return day of the notice of the petition, may demand a jury trial of that issue. Upon the party's demand for a jury trial, the court shall make an order referring the issue to a jury* * * If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding under the agreement, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding under the agreement, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with that agreement."
 {¶ 23} R.C. 2711.03 thus provides for a two-step procedure when a party moves for an order to compel arbitration. Upon the filing of such motion, the court must conduct a hearing. If, following the hearing, the court is satisfied that the making of the agreement or the failure to comply with the agreement is not in issue, the court is required to enter an order directing the parties to proceed with arbitration.
 {¶ 24} However, if either the making of the agreement or the failure to perform under it is in issue, the court is required to summarily try that issue either in a bench trial or, if either of the parties has timely requested a jury trial on that issue, a jury trial. *Page 8 
 {¶ 25} In Maestle, supra, the Court noted that a motion to compel arbitration and a motion to stay are separate and distinct procedures. The court held that "[a] trial court considering whether to grant a motion to stay proceedings pending arbitration filed under R.C. 2711.02
need not hold a hearing pursuant to R.C. 2711.03 when the motion is not based on R.C. 2711.03." Id. at syllabus.
 {¶ 26} The court in Maestle held that because R.C. 2711.02 does not on its face require a hearing, it would not read into this section a requirement for a hearing on a motion to stay. Id. at ¶ 19.
 {¶ 27} However, R.C. 2711.03(A) specifically provides that the court shall hear the parties. As a result, pursuant to the plain language of R.C. 2711.03, a trial court is required to hold a hearing on a motion to compel arbitration. Maestle, surpa; See, also, Boggs Custom Homes, Inc.v. Rehor, 9th Dist. No. 22211, 2005-Ohio-1129, at ¶ 16.
 {¶ 28} The applicability of R.C. 2711.03 to an arbitration provision in a nursing home agreement claimed to be unconscionable was considered by the Twelfth Appellate District in Barr v. HCF, Inc., 12th Dist. No. CA2005-02-008, 2005-Ohio-6040. In that case the administratrix of the deceased nursing home resident brought a wrongful death action against the nursing home following the resident's fall and death. The nursing home moved to compel arbitration. The court denied the motion and found the arbitration clause to be unconscionable. The home appealed. In reversing and remanding, the court held:
 {¶ 29} "R.C. 2711.03(A) requires that a hearing be held to determine whether `the making of the agreement for arbitration or the failure to comply with the agreement is not in issue.' If the court determines that the validity of the arbitration [provision] is in *Page 9 
issue, then the statute requires the court proceed summarily to a jury trial on the sole issue of the validity of the arbitration provision. R.C. 2711.03(B); Benson v. Spitzer Mgt., Inc., Cuyahoga App. No. 83558,2004-Ohio-4751." Id. at ¶ 20.
 {¶ 30} The docket in this case reveals that the court scheduled a status conference on May 17, 2004. The court established a briefing schedule on the petition to compel arbitration, pursuant to which the parties were to present their submittals by June 7, 2004. The parties submitted authority, argument, and affidavits in support of their respective positions. While an oral hearing was not had, it is clear the parties agreed the court should consider their submittals. Appellant now complains that the court should have required appellee to submit his brief first, so it could have responded to the issues raised by appellee. However, appellant never objected to the court's briefing schedule and that issue is waived on appeal. We do not consider issues raised for the first time on appeal. Sekora v. General Motors Corp.
(1989), 61 Ohio App.3d 105, 112-113.
 {¶ 31} It must be noted that appellant was on notice of appellee's claims upon filing of his brief and affidavit. Appellant had two years in which to respond to the materials submitted by appellee, yet it did nothing. It never filed any authority or affidavits in opposition. It never filed a response of any kind to appellee's brief and evidentiary materials. Moreover, the court considered the arguments, legal authority, and evidentiary materials submitted by both parties. Based upon the record we hold that the court complied with the hearing requirement under R.C. 2711.03(A) and conducted a hearing under that statute. *Page 10 
 {¶ 32} Further, while appellant does not challenge appellee's submission of affidavits, appellant challenges the sufficiency of Gary L. Barnes' affidavit. However, the proper procedure to challenge an affidavit is by way of objection or motion to strike filed in the trial court. O'Brien v. Bob Evans Farms, Inc., 11th Dist. No. 2003-T-0106,2004-Ohio-6948; Douglass v. Salem Cmty. Hosp., 153 Ohio App.3d 350, 2003-Ohio4006. Appellant did neither and thus waived any challenge to Mr. Barnes' affidavit on appeal. Sekora, supra.
 {¶ 33} Appellant in its reply brief on appeal states that it is not arguing that an oral hearing was required. In fact, it states that a nonoral hearing would have been sufficient. Rather, it argues that under the trial court's briefing schedule, it was not given an opportunity to respond to appellee's argument that the arbitration clause is unconscionable.
 {¶ 34} While we hold that the trial court properly considered the parties' submittals at a hearing under R.C. 2711.03(A), appellant should be given an opportunity to present supplemental information at a continued hearing under R.C. 2711.03(A). This may be done on written submittals. Following that hearing, the court should either: (1) enter an order under R.C. 2711.03(A) directing the parties to proceed to arbitration, or (2) if the court determines the validity of the arbitration provision and/or the failure of its performance is in issue, proceed summarily to the trial solely on those issue(s) to the bench since neither party challenged service of the petition or demanded a jury pursuant to R.C. 2711.03.
 {¶ 35} We reverse and remand today for the limited purpose stated herein, and we do not reach the merits of this case at this time. *Page 11 
 {¶ 36} Appellant's first assignment of error is well-taken.
 {¶ 37} For its second assignment of error, appellant asserts:
 {¶ 38} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT RULED ON THE MERITS AND HELD THAT THE ARBITRATION CLAUSE IN THE NURSING HOME ADMISSION AGREEMENT WAS UNCONSCIONABLE AND UNENFORCEABLE, WHEN APPELLEE FAILED TO PRESENT ANY COMPETENT EVIDENCE TO SUPPORT HIS CLAIM OF UNCONSCIONABILITY UNCONSCIONABILITY [SIC] AND WHERE THE FACTS AND CIRCUMSTANCES DEMONSTRATE THAT THE AGREEMENT WAS NOT UNCONSCIONABLE."
 {¶ 39} Based upon our analysis and holding under appellant's first assignment of error, the second assignment of error is moot.
 {¶ 40} For the reasons stated in the Opinion of this court, it is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is reversed and the matter is remanded to the trial court for further proceedings consistent with this Opinion.
COLLEEN MARY OTOOLE, J., concurs,
 DIANE V. GRENDELL, J., concurs in judgment only. *Page 1