[Cite as *Miller v. UBS Fin. Serv., Inc.*, 2021-Ohio-891.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| KEVIN MILLER, | : | CASE NO. CA2020-07-038 |
| Appellee, | : | O P I N I O N<br>3/22/2021 |
| | : | |
| - vs - | : | |
| | : | |
| UBS FINANCIAL SERVICES, INC., | : | |
| Appellant. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2020 CVC 0278

Finney Law Firm, LLC, Christopher P. Finney, Casey A. Taylor, 4270 Ivy Pointe Boulevard, Suite 225, Cincinnati, Ohio 45245, for appellee

Taft Stettinius & Hollister LLP, Russell S. Sayre, Sanna-Rae Taylor, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202, for appellant

**M. POWELL, P.J.**

{¶ 1}  Appellant, UBS Financial Services, Inc. ("UBS"), appeals a decision of the Clermont County Court of Common Pleas denying its motion to stay pending arbitration the lawsuit brought against UBS by appellee, Kevin Miller.  For the reasons set forth below, we dismiss the appeal for lack of a final appealable order.

{¶ 2}    Sometime in the 1990s, Miller opened a Roth IRA account with McDonald & Company Securities, Inc.   In 2007, UBS acquired McDonald; Miller became a UBS accountholder.   Before it acquired McDonald, UBS sent McDonald accountholders two documents advising them of the revised terms of service for their accounts (the "USB Contract"), including the requirement to arbitrate disputes concerning financial accounts. Accountholders were further advised of their option to transfer their accounts to another financial institution; however, accountholders who did not do so by February 1, 2007, were "deemed to have agreed to all of the changes, terms and conditions described" in the UBS Contract.

{¶ 3}    In 2018, Miller experienced difficulty accessing his UBS account online.  Upon inquiry, Miller was informed that UBS had closed the account in 2006.  Subsequently, Miller received a notice of deficiency from the IRS as a result of UBS liquidating the account and reporting the income to the IRS.  Over the ensuing months, UBS was unable to satisfy Miller concerning its handling of the account.

{¶ 4}    On March 11, 2020, Miller filed a complaint against UBS, demanding a full accounting and alleging negligence/gross negligence/breach of a fiduciary duty and bad faith.  Claiming that the parties had agreed to arbitrate disputes, UBS moved to dismiss the complaint, or in the alternative, to stay the proceedings and compel arbitration.   UBS supported its motion with an affidavit from Michelle Harris, an "Authorized Officer – Paralegal at UBS."   The affidavit did not contain Harris' actual signature and was not notarized.  Approximately a month later, UBS filed a supplemental affidavit from Harris.  The supplemental affidavit did not contain Harris' actual signature and was not notarized.[1]  Miller

---

1. On September 30, 2020, more than two months after filing its notice of appeal, UBS filed Harris' supplemental affidavit with her notarized signature in the trial court.  UBS then moved this court to supplement the record on appeal with the notarized supplemental affidavit.  We denied the motion on the ground that the notarized supplemental affidavit was not before the trial court when it issued its judgment entry on June 12,

moved for a hearing and limited discovery pursuant to R.C. 2711.03.

{¶ 5}  On June 12, 2020, the trial court deferred its ruling upon UBS' motion to dismiss, denied UBS' motion to stay proceedings and compel arbitration, granted Miller's motion for a hearing pursuant to R.C. 2711.03 "for the purpose of determining whether an arbitration agreement exists and, if so, whether it is enforceable," and granted Miller limited discovery.

{¶ 6}  UBS appeals the trial court's June 12, 2020 judgment entry, raising one assignment of error:

{¶ 7}  THE TRIAL COURT ERRED BY DENYING UBS' MOTION TO STAY BECAUSE MILLER AGREED TO RESOLVE ALL ACCOUNT-RELATED DISPUTES IN ARBITRATION.

{¶ 8}  UBS challenges the trial court's denial of its motion to stay pending arbitration, arguing that Miller assented to the terms of the UBS Contract by maintaining his Roth IRA account at UBS, the UBS Contract contains a mandatory arbitration provision, and the account-related dispute falls under the arbitration provision.

{¶ 9}  Before addressing the merits of UBS' assignment of error, we must first determine whether the judgment entry appealed from is a final appealable order.  "It is well-established that an order must be final before it can be reviewed by an appellate court.  If an order is not final, then an appellate court has no jurisdiction."  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).  An appellate court has no choice but to sua sponte dismiss an appeal that is not a final appealable order.  *Curry v. Blanchester*, 12th Dist. Clinton Nos. CA2008-07-024 and CA2008-07-028, 2009-Ohio-1649, ¶ 19, citing

2020, and that the record on appeal can be supplemented to add only matters that were actually before the trial court.  *Miller v. UBS Financial Services, Inc.*, 12th Dist. Clermont No. CA2020-07-038 (Entry Denying Motion to Supplement the Record on Appeal) (Oct. 30, 2020).

*Whitaker-Merrell v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186 (1972).

{¶ 10} "A trial court's order is final and appealable only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B)." *Denham v. New Carlisle*, 86 Ohio St.3d 594, 595, 1999-Ohio-128. As pertinent here, R.C. 2505.02(B)(1) provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." An order which affects a substantial right is "one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993).

{¶ 11} "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, ¶ 45. "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." *Id.*

{¶ 12} UBS moved to dismiss Miller's complaint or, in the alternative, stay the proceedings and compel arbitration. In turn, Miller moved for a hearing pursuant to R.C. 2711.03. R.C. 2711.02 governs the procedure for staying an action during arbitration and provides that

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

R.C. 2711.029(B). Thus, under R.C. 2711.02, the trial court is required to make two

- 4 -

determinations prior to granting a stay of proceedings pending arbitration. First, the court must be satisfied that the issue involved in the action is referable to arbitration under a valid agreement in writing for arbitration. Second, the court must determine that the applicant for the stay is not in default in proceeding with arbitration. *Capital One Bank (USA), N.A. v. Collins*, 12th Dist. Butler No. CA2011-05-090, 2011-Ohio-6533, ¶ 12. Once these conditions are met, a stay is required. *Id.* An order granting or denying a motion for stay of trial pending arbitration is a final appealable order. R.C. 2711.02(C).[2]

{¶ 13} R.C. 2711.03(A) provides in pertinent part that

> The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

{¶ 14} "R.C. 2711.03(A) requires that a hearing be held to determine whether 'the making of the agreement for arbitration or the failure to comply with the agreement is not in issue.'" *Barr v. HCF, Inc.*, 12th Dist. Fayette No. CA2005-02-008, 2005-Ohio-6040, ¶ 20. If, following the hearing, the court is satisfied that the making of the agreement or the failure to comply with the agreement is not in issue, the court is required to enter an order directing the parties to proceed with arbitration. *Barnes v. Andover Village Retirement Community, Ltd.*, 11th Dist. Ashtabula No. 2006-A-0039, 2007-Ohio-4112, ¶ 23. However, if the making of the agreement or the failure to perform under it is in issue, the court is required to

---

2. R.C. 2711.02(C) states, "Except as provided in division (D) of this section, an order under division (B) of this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."

summarily try that issue in a bench trial or, if either of the parties has timely requested a jury trial on that issue, a jury trial. *Id.* at ¶ 24.

{¶ 15} The trial court's June 12, 2020 judgment entry denied UBS' motion to stay and granted Miller's R.C. 2711.03 motion for a hearing "for the purpose of determining whether an arbitration agreement exists and, if so, whether it is enforceable."

{¶ 16} Although the denial of a motion to stay is a final appealable order under R.C. 2711.02(C), we find that the June 12, 2020 judgment entry appealed from is not a final appealable order. The judgment entry does not determine the action or prevent further judgment. Furthermore, it leaves issues unresolved and contemplates further action. The trial court did not determine whether a valid arbitration agreement existed, or whether it was satisfied that the account-related dispute is referable to arbitration under the arbitration provision in the UBS Contract. Rather, the trial court granted Miller's motion for a hearing specifically to determine "whether an arbitration agreement exists and, if so, whether it is enforceable." "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." *Davis*, 2007-Ohio-2205 at ¶ 45.

{¶ 17} Accordingly, we find that we lack jurisdiction to consider the trial court's June 12, 2020 judgment entry, including its denial of UBS' motion to stay, because the trial court's judgment does not constitute a final appealable order. *See Discover Bank v. Passmore*, 11th Dist. Lake No. 2015-L-098, 2016-Ohio-3121.

{¶ 18} Appeal dismissed.

S. POWELL and HENDRICKSON, JJ., concur.

- 6 -