[Cite as *McConnell v. Sexton*, 2022-Ohio-1894.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| EDWARD McCONNELL, | : | CASE NO. CA2021-08-096 |
| Appellant, | : | O P I N I O N<br>6/6/2022 |
| | : | |
| - vs - | : | |
| | : | |
| GORDON D. SEXTON, et al., | : | |
| Appellee. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. 2019-11-2291

Stephen C. Lane, for appellant.

Jamey T. Pregon, for appellee.

**M. POWELL, P.J.**

{¶ 1} Edward McConnell appeals the judgment of the Butler County Court of Common Pleas granting partial summary judgment to appellee, Gordon Sexton, on his claim for damages caused by Sexton's alleged negligence.

{¶ 2} McConnell and Sexton were neighbors in Middletown, Ohio. On February 28, 2016, McConnell's home was destroyed in a fire that he believes was caused by a bonfire that Sexton let get out of control. McConnell filed a claim under his insurance policy with

Auto Owners Insurance Company, and the insurance company settled the claim, paying him $510,155.73 for the cost of replacing the house plus $172,588.90 for lost personal property and contents. The insurance company did not pursue subrogation from Sexton.

{¶ 3} McConnell does not believe that the insurance settlement fully compensated him for his losses. On November 12, 2019, he filed suit against Sexton for negligence seeking damages for "the diminution of the value of the real property," that is, the difference in the value of his property before and after the fire; damages for loss of the use of real and personal property, as well as other economic losses; and damages for emotional distress.

{¶ 4} Sexton moved for partial summary judgment on issues regarding damages. In May 2021, the trial court granted the motion as to the claim for emotional-distress damages. And later, on July 15, 2021, the court granted Sexton partial summary judgment as to the claim for diminution-of-value damages, concluding that McConnell cannot recover these damages because he settled the matter with his insurance company. The court further concluded that McConnell cannot recover damages for lost personal property that had been included in the insurance settlement. Lastly, the court concluded that if McConnell wishes to pursue damages for the cost of repairs, he must join the insurance company in the matter and that Sexton would be entitled to an offset of insurance proceeds.

{¶ 5} McConnell filed a motion asking the trial court to declare the summary-judgment order final and appealable under Civ.R. 54(B). The court agreed and, on October 4, 2021, entered an order declaring that there was "no just cause for delay" and that the July 15 order is final and appealable. McConnell appealed the order.[1]

{¶ 6} McConnell's sole assignment of error alleges that the trial court erred by granting Sexton partial summary judgment on the damages issues decided in the July 15

---

1. McConnell has not appealed the May 2021 order rejecting his claim for emotional-distress damages.

order.

{¶ 7} As a threshold matter, we must determine whether we have jurisdiction—specifically, whether the appealed order is final and appealable. "This court is required to raise jurisdictional issues sua sponte and dismiss an appeal that is not taken from a final appealable order." *Barber v. Ryan*, 12th Dist. Butler No. CA2010-01-006, 2010-Ohio-3471, ¶ 6, citing *Stevens v. Ackman,* 91 Ohio St.3d 182, 186, 2001-Ohio-249. The order that McConnell has appealed decides only certain issues concerning damages. Not yet decided are issues of Sexton's liability and, if there is liability, the damages to which McConnell is entitled. Neither party questioned our jurisdiction, so we raised the issue sua sponte and ordered the parties to brief it.

{¶ 8} "In order for a judgment to constitute a final appealable order, the entry must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B)." *Id.*, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86 (1989), syllabus. Accordingly, "[a]n appellate court's review of a trial court's grant of certification should be a two-step process." *Wisintainer v. Elcen Power Strut Co.*, 1993-Ohio-120, 67 Ohio St.3d 352, 354. "First, the focus of the appellate court's review should be on whether the order appealed is 'final' as defined by R.C. 2505.02." *Id.* "Second, the appellate court should review the trial court's determination, required by Civ.R. 54(B), that 'there is no just reason for delay.'" *Id.*

{¶ 9} R.C. 2505.02(B) provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of [the orders described in R.C. 2505.02(B)(1)-(7)]." The only described order relevant here is the first one: "An order that affects a substantial right in an action that in effect determines the action and prevents a judgment," R.C. 2505.02(B)(1). The trial court's summary-judgment order here affects McConnell's right to recover certain damages for negligence—a substantial right. The next question is whether the order determined McConnell's action or prevented a

- 3 -

judgment.

**{¶ 10}** Generally, an order does not determine an action or prevent a judgment if the order decides liability and defers a decision on damages or decides damages and leaves unresolved a decision on liability. *See State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546 (1997) (no final order where liability was decided but damages deferred); *Newcomer v. Nationwide Ins. Ent.*, 10th Dist. Franklin No. 02AP-873, 2003-Ohio-960, ¶ 12 (no final order where damages decided but liability unresolved); *Clark v. Grillot,* 2d Dist. Darke No. 1538, 2001-Ohio-1691 (holding that "a final order would not exist where damages have been decided but liability is unresolved"); *Fertec, L.L.C. v. BBC & M Eng., Inc.*, 10th Dist. Franklin No. 08AP-998, 2009-Ohio-5246, ¶ 11-12 (quoting *Clark*'s holding approvingly).

**{¶ 11}** The order in the present case both leaves the issue of liability unresolved and defers a final decision on damages. The order neither awards damages nor concludes that McConnell is not entitled to recover them. Rather, the order merely limits the damages that McConnell can potentially recover, concluding that he cannot recover damages for the diminution of value of his real property and that he cannot recover damages for lost personal property included in the insurance settlement. These limitations do not determine McConnell's action or prevent a judgment. McConnell can still prevail on his negligence claim against Sexton and recover damages. The order preserves his right to recover damages for lost personal property not included in his insurance settlement and to recover damages for the cost of repair. It may be that the order precludes McConnell from recovering the bulk of the damages that he seeks to recover. But, as the Tenth District has said, "while we acknowledge the fact that the case may not be worth litigating * * *, our jurisdictional authority is unwavering. The judgment in this matter clearly does not meet the requirements of * * * 2505.02(B)(1)." *Fertec* at ¶ 15.

- 4 -

{¶ 12} Because the appealed order is not final, we need not review the trial court's Civ.R. 54(B) determination. We note once again that "the mere addition of Civ.R. 54(B) language to what is not a final order does not transform that entry into a final appealable order." (Citation omitted) *Anglin v. Donohoo*, 12th Dist. Clermont No. CA2018-05-025, 2018-Ohio-4484, ¶ 16; *Total Quality Logistics, LLC v. Johnson*, 12th Dist. Clermont No. CA2021-07-039, 2022-Ohio-428, ¶ 12 (quoting *Anglin* and stating that this is "well established"). Civ.R. 54(B) language is a necessary condition to appealability but not sufficient by itself. As the Ohio Supreme Court has explained it, Civ.R. 54(B) can "transform a final order into a final appealable order," but it cannot "transform[] a nonfinal order into a final appealable order." *Wisintainer*, 67 Ohio St.3d at 354.

{¶ 13} Because the trial court's order granting Sexton partial summary judgment is not a final order, we lack jurisdiction to review McConnell's sole assignment of error. Having concluded this court lacks jurisdiction, we dismiss the appeal.

{¶ 14} Appeal dismissed.

S. POWELL and BYRNE, JJ., concur.