[Cite as *Bank of New York Mellon v. Cox*, 2025-Ohio-4406.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

|  |  |  |
|---|---|---|
| THE BANK OF NEW YORK MELLON, | : | CASE NO. CA2025-02-006 |
| Plaintiff, | : | |
| | : | OPINION AND JUDGMENT ENTRY 9/22/2025 |
| - vs - | : | |
| | : | |
| JAMES T. COX, ET AL., | : | |
| Appellees, | : | |
| | : | |
| and | : | |
| | : | |
| REAL TIME RESOLUTIONS, INC., | : | |
| Appellant. | : | |

CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CV 20240075

Ulrich, Sassano, Deighton, Delaney, Higgins Co., LPA, and Eric T. Deighton, for appellant, Real Time Resolutions, Inc.

Sandhu Law Group, LLC, and David T. Brady and Suzanne M. Godenswager, for plaintiff, The Bank of New York Mellon.

James T. Cox and Faith D.B. Cox, pro se.

## O P I N I O N

**SIEBERT, J.**

{¶ 1}  Appellant, Real Time Resolutions, Inc. ("Real Time"), appeals the decision of the Madison County Court of Common Pleas, approving the distribution of funds in a foreclosure proceeding. Since the trial court's prior orders failed to fully resolve the claims of an alleged lienholder, we find the trial court erred by ordering the disbursal of funds to the former property owners. Accordingly, we reverse the trial court's decision and remand the matter for further proceedings consistent with this opinion.

### I. Factual and Procedural Background

{¶ 2}  On May 8, 2024, the Bank of New York Mellon filed a foreclosure complaint against James and Faith Cox ("Homeowners") due to a default in the underlying loan. Real Time was named as a party defendant because it held a junior mortgage interest in the property.

{¶ 3}  Real Time answered the complaint, asserted that it was owed a balance due of $26,349.83, and attached a copy of the home equity loan agreement. The Homeowners did not file an answer and on July 26, 2024; the Bank of New York Mellon filed a motion for default judgment. The trial court granted the motion on August 2, 2024, and ordered the foreclosure of the property.

{¶ 4}  While the trial court clearly recognized the Bank of New York Mellon's interest, the findings in its "Foreclosure Decree" regarding Real Time's interest were less definitive. The court stated:

> The Judge further finds that Defendant Real Time
> Resolutions, Inc. claim some rights, titles, interests, claims, or

- 2 -

liens upon the Premises, as set forth in the pleadings it filed herein, but that any rights, titles, interests, claims, or liens that it may have are inferior and subsequent to the lien of [the Bank of New York Mellon].

The court continued:

While finding that there is no just reason for delay as to [the Bank of New York Mellon's] claim, the Judge makes no finding at this time as to the claims, rights, titles, interests, or liens of the Defendant Real Time Resolutions, Inc. as set forth in its pleadings filed herein, except to note that such claims, rights, titles, interests or liens of the hereinabove Defendant [Real Time] are hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable and the amount hereinabove found due Plaintiff, and the same is hereby ordered continued until further order.

{¶ 5} The parties were served with notice of the sale, and on November 5, 2024, the property was sold for $254,400. None of the parties appealed or requested a stay of the Foreclosure Decree. On December 16, 2024, the trial court entered a "Confirmation Order" and directed disbursement of the sale proceeds in the following priority:

Court Costs: $963.36 to the Clerk of Courts

Property Taxes: $1,722.06 to the Madison County Treasurer

Closing Fees: $500.00 to Ohio Real Title

Advertisement Costs: $300.00 to Sandhu Law Group, LLC

Transfer Fees: $764.20 to the Madison County Auditor

Recording Fees: $42.00 to the Madison County Recorder

Judgment Payment: $78,858.20 to the Bank of New York Mellon

Remaining Balance: $171,250.18 to be held by the Clerk of Courts pending further court order

{¶ 6} On January 24, 2025, James Cox filed a pro se request for the remaining funds from the sale. The request lacked a certificate of service and did not indicate that it

had been served on any other parties.[1] On January 31, 2025, the trial court granted Cox's request and ordered the entire remaining balance of $171,250.18 to be distributed to him. Real Time filed a timely appeal, raising a single assignment of error for review.

## II. Law and Analysis

{¶ 7} Real Time appeals the trial court's January 31, 2025 order disbursing the remaining proceeds from the foreclosure sale to the Homeowners. Before addressing the merits, we must first determine whether the judgment entry being appealed is a final appealable order.

{¶ 8} An appellate court lacks jurisdiction to review a non-final order. *McConnell v. Sexton*, 2022-Ohio-1894, ¶ 7 (12th Dist.). If an order is not final, the appeal must be dismissed sua sponte. *Miller v. UBS Fin. Serv., Inc.*,2021-Ohio-891, ¶ 9 (12th Dist.).

{¶ 9} Foreclosure actions proceed in two stages, each resulting in a final, appealable judgment: the foreclosure decree and the confirmation of sale. *Farmers State Bank v. Sponaugle*, 2019-Ohio-2518, ¶ 18. The foreclosure decree establishes lien priorities, defines party rights and responsibilities, and orders the property to be sold. *CitiMortgage, Inc. v. Roznowski*, 2014-Ohio-1984, ¶ 39; R.C. 2323.07. Once final, and after the appeals process concludes, the foreclosure decree cannot be challenged. *Roznowski* at ¶ 39.

{¶ 10} The confirmation of sale is a limited proceeding focused on whether the

---

1. Real Time presents an argument concerning the lack of proper service. Due process requires that litigants receive notice that is "reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Ohio Valley Radiology Associates, Inc. v. Ohio Valley Hospital Assn*., 28 Ohio St. 3d 118, 124-25 (1986). However, because remand is appropriate on other grounds—namely, the improper disbursement of funds—we find this issue to be moot. "[A]ctions become moot when resolution of the issues presented is purely academic and will have no practical effect on the legal relations between the parties." *Wightman v. Weade*, 2019-Ohio-4915, ¶ 28 (12th Dist.). Accordingly, while the lack of service raises procedural concerns, we decline to address it further.

sheriff's sale complied with statutory requirements. *Sponaugle* at ¶ 19. If the sale conforms to R.C. 2329.01 through 2329.61, the court confirms the sale and orders distribution of the proceeds. R.C. 2329.31. Appeals from confirmation orders are restricted to issues arising from the confirmation itself, such as the final amount owed, accrued interest, and expenses advanced by the mortgagee. *Sponaugle* at ¶ 19.

{¶ 11} In this case, none of the parties appealed from the Foreclosure Decree entered on August 2, 2024, or the Confirmation Order entered December 16, 2024.[2] While those orders typically constitute the final appealable judgments in foreclosure actions, the Foreclosure Decree here deferred ruling on Real Time's interest while simultaneously ordering that its interest be transferred to the sale proceeds. Likewise, the Confirmation Order did not disburse any proceeds to Real Time or otherwise resolve the uncertainty arising from the Foreclosure Decree with respect to Real Time's lien status. Instead, the trial court ordered that the remaining funds—after satisfying the Bank of New York Mellon's claim—be held by the Clerk of Courts pending further order.

{¶ 12} This procedural posture is significant, as an order that fails to reflect the necessary components of a foreclosure judgment—such as determining the extent of each lienholder's interest—is not a final appealable order. *See Johnson v. Stone*, 2019-Ohio-4630, ¶ 19 (3rd Dist.) (concluding that order was not a final order because the trial court did not determine the extent of each lienholder's interest).

{¶ 13} Following the issuance of the Confirmation Order, James Cox filed a pro se request for the remaining sale proceeds. Up to that point, Real Time had not suffered any prejudice, as its right to future relief remained intact. However, the January 31 order

---

2. While the orders stated that they were final appealable orders, such phrases do not transform a nonfinal order into a final appealable one. *Baruk v. Heritage Club Homeowners' Assn.*, 2014-Ohio-1585, ¶ 30 (12th Dist.).

changed that. Under R.C. 2505.02(B)(1), an order is final and appealable if it affects a substantial right and effectively determines the action, preventing future relief. A "substantial right" is one that, if not immediately appealable, would foreclose appropriate relief later. *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993); *Miller*, 2021-Ohio-891 at ¶ 10. By disbursing the remaining proceeds without addressing Real Time's interest, the trial court effectively foreclosed Real Time's ability to obtain relief. Accordingly, we conclude that the January 31 order constitutes a final appealable order under R.C. 2505.02(B)(1), and we have jurisdiction to review it.

{¶ 14} Turning to the sole assignment of error, Real Time argues that the trial court erred in disbursing the proceeds from the foreclosure sale to the Homeowners while its lien remained unsatisfied. Although property owners are entitled to any excess proceeds from a foreclosure sale, their claims are subordinate to those of mortgagees or lienholder with valid, senior interests. *Third Fed. S. & L. Assn of Cleveland v. Strong*, 2015-Ohio-3009, ¶ 15 (10th Dist.), citing *Stidham v. Wallace*, 2013-Ohio-2640, ¶ 12, fn. 1 (12th Dist.). Foreclosure proceeds must first be applied to satisfy superior claims before any distribution to the property owner. *See Stidham* at ¶ 12.

{¶ 15} In this case, the Bank of New York Mellon initiated foreclosure proceedings against the Homeowners, alleging default on the underlying loan. Real Time, named as a defendant, answered the complaint and asserted a lien interest in the property. The trial court's Foreclosure Decree was imprecise: while it found Real Time's interest to be inferior to the Bank of New York Mellon's, it expressly declined to adjudicate the extent of Real Time's claims, instead ordering that its interest be transferred to the sale proceeds.

{¶ 16} Following the sale of the property, the trial court entered the Confirmation Order directing disbursement of the proceeds. The Bank of New York Mellon's claim was

satisfied, and the court ordered the remaining balance of $171,250.18 be "held by the Clerk of Courts pending further court order." Despite previously indicating that Real Time's interest would be paid from the sale proceeds, the trial court subsequently disbursed the remaining funds to the Homeowners without accounting for Real Time's interest. This disbursement to the Homeowners was in error. Accordingly, we find the trial court erred by awarding the remaining funds to the Homeowners. Real Time's sole assignment of error is sustained.

{¶ 17} Judgment reversed and remanded.

PIPER , P.J., and M. POWELL, J., concur.

---

# J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and consistent with the above Opinion.

It is further ordered that a mandate be sent to the Madison County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robin N. Piper, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge