[Cite as *Howell Tax Accounting, Inc. v. Monto*, 2026-Ohio-2419.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Howell Tax Accounting, Inc et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 25AP-1006 |
| v. | : | (C.P.C. No. 23CV-443) |
| Scott Monto et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 25, 2026

*The Brunner Firm Co., LPA*, and *Rick L. Brunner*, for appellants.

*Behal Duval Law Group LLC*, and *John M. Gonzales*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, P.J.

{¶ 1} Defendants-appellees, Scott Monto, Dan Szymczak, the Monto Group, LLC, and the Legacy Tax Advisory Group, LLC, move to dismiss the appeal filed by plaintiffs-appellants, Howell Tax Accounting, Inc. and the Estate of Beth Evelyn Howell. Because we lack jurisdiction over this appeal, we grant appellees' motion.

{¶ 2} Appellants sued appellees alleging six "counts": (1) declaratory judgment, (2) "further relief from the Defendants to carry out this Court's declarations pursuant to Count One," (Compl. at ¶ 32), (3) "equitable relief to carry out this Court's declarations pursuant to Court's declarations pursuant to Count One," (Compl. at ¶ 34), (4) anticipatory repudiation, (5) breach of contract, and (6) unjust enrichment. Appellees answered the complaint and filed a counterclaim for unjust enrichment.

{¶ 3} Appellants moved to dismiss the counterclaim under Civ.R. 12(B)(1) and (6). Appellants also moved to have all the factual averments in the complaint deemed admitted under Civ.R. 8(D) because appellees failed to attach a certificate of service to their answer and counterclaim. Appellees countered by moving for judgment on the pleadings as to appellants' Counts 1, 2, 3, and 6. As the case progressed, appellant Howell Tax Accounting, Inc. moved to compel answers to pending discovery.

{¶ 4} In a decision and entry dated December 2, 2025, the trial court ruled on all pending motions. The trial court denied all motions, with the exception of appellees' motion for judgment on the pleadings. The trial court granted that motion in part, finding that appellants had not pleaded sufficient facts to obtain the equitable relief they requested—a constructive trust. The trial court thus dismissed Count 3 of the complaint. The decision and entry included the statement, "**This is a final order. There is no just cause for delay.**" (Emphasis in original.) (Dec. 2, 2025 Decision & Entry at 15.)

{¶ 5} Appellants appealed from the December 2, 2025 decision and entry to this court. After appellants appealed, the trial court issued a nunc pro tunc decision and entry correcting the December 2, 2025 decision and entry. The nunc pro tunc decision and entry, issued January 28, 2026, deleted the Civ.R. 54(B) language.[1]

{¶ 6} On May 12, 2026, appellees moved to dismiss this appeal for lack of subject-matter jurisdiction. Appellees argue that this court lacks jurisdiction because the December 2, 2025 judgment is not a final, appealable order.

{¶ 7} Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Consequently, an order must be final before a court of appeals may review it. *Stewart v. Solutions Community Counseling & Recovery Ctrs., Inc.*, 2022-Ohio-2522, ¶ 4. If an order is not final, then a court of appeals has no jurisdiction over it. *Id.*; *Mill Creek Metro. Park Dist. Bd. of Commrs. v. Less*, 2023-Ohio-2332, ¶ 8. Upon a determination that a party has taken an appeal from an order that is not final and appealable, a court of appeals must dismiss the appeal. *Less* at ¶ 8.

---

[1] Because the trial court issued the nunc pro tunc decision and entry after appellants appealed, we will continue to refer to the judgment on appeal as the December 2, 2025 judgment.

{¶ 8}  To qualify as a final, appealable order, the order at issue must satisfy the requirements of R.C. 2505.02.  *IBEW, Local Union No. 8 v. Vaughn Indus., L.L.C.*, 2007-Ohio-6439, ¶ 7.  If the action involves multiple claims, and the order does not enter a judgment on all the claims, the order must also satisfy Civ.R. 54(B) by including express language that " 'there is no just reason for delay.' "  *Id.*, quoting Civ.R. 54(B).

{¶ 9}  R.C. 2505.02(B) lists the various types of orders that constitute final, appealable orders.  Appellants argue that the December 2, 2025 judgment is a final, appealable order because it satisfies the requirements of R.C. 2505.02(B)(1).

{¶ 10}  R.C. 2505.02(B)(1) provides that an order is a final, appealable order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment."  For an order to determine an action and prevent a judgment for the party appealing, the order " 'must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.' "  *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 2007-Ohio-2942, ¶ 7, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild*, 46 Ohio St.3d 147, 153 (1989).  Consequently, an order does not qualify as a final, appealable order under R.C. 2505.02(B)(1) "if the order decides liability and defers a decision on damages or decides damages and leaves unresolved a decision on liability."  *McConnell v. Sexton*, 2022-Ohio-1894, ¶ 10 (12th Dist.); *accord Fertec, LLC v. BBC&M Eng., Inc.*, 2009-Ohio-5246, ¶ 11 (10th Dist.) (stating "[i]t is well-settled that orders determining liability and deferring the issue of damages are not final, appealable orders, because they do not determine the action or prevent a judgment" and "at least one appellate court has held the inverse to be true"); *Newcomer v. Nationwide Ins. Ent.*, 2003-Ohio-960, ¶ 12 (10th Dist.) (holding "orders determining liability in the appellant's favor but deferring the issue of damages are not final appealable orders because they do not determine the action and prevent a judgment" and "[l]ikewise, orders determining damages but deferring the issue of liability are not final appealable orders").  Liability and damages are each parts of a claim for relief and, separately, neither liability nor damages constitutes a claim for relief in and of itself.  *Estate of Brown v. McCall*, 2023-Ohio-780, ¶ 18 (10th Dist.); *Kierland Crossing, LLC v. Ruth's Chris Steak House, Inc.*, 2011-Ohio-5626, ¶ 18 (10th Dist.).  A resolution of either liability *or* damages, therefore, does not completely determine a separate and distinct

branch of a case. *Estate of Brown* at ¶ 18; *Kierland Crossing, LLC* at ¶ 18; *Fertec, LLC* at ¶ 12.

{¶ 11} In the judgment at issue in this case, the trial court granted appellees judgment on the pleadings with regard to appellants' request for a constructive trust. "A constructive trust is an equitable remedy that protects against unjust enrichment and is usually invoked when property has been obtained by fraud." *Estate of Cowling v. Estate of Cowling*, 2006-Ohio-2418, ¶ 19. A constructive trust, therefore, constitutes a remedy, not an independent cause of action. *McOmber v. Liebrecht*, 2023-Ohio-2019, ¶ 9, fn. 1 (3d Dist.); *Bonner v. Delp*, 2021-Ohio-3772, ¶ 93 (6th Dist.); *Kobal v. Edward Jones Secs.*, 2021-Ohio-1088, ¶ 14 (8th Dist.); *Kostyo v. Kaminski*, 2013-Ohio-3188, ¶ 17 (9th Dist.).

{¶ 12} Consequently, by granting judgment on the pleadings as to constructive trust, the trial court only precluded appellants from obtaining a specific type of remedy. The trial court did not resolve any of appellants' causes of action. To the contrary, all the causes of action appellants pleaded in the complaint—declaratory judgment, anticipatory repudiation, breach of contract, and unjust enrichment—remain pending before the trial court. We thus conclude that the December 2, 2025 judgment did not dispose of a separate and distinct branch of the case, leaving nothing further for the determination of the court. Because the December 2, 2025 judgment is not a final, appealable order under R.C. 2505.02(B)(1), we lack jurisdiction over it.

{¶ 13} The parties focus much attention on the trial court's issuance of a nunc pro tunc decision and entry removing the Civ.R. 54(B) language from the original judgment. The removal of that language, however, is irrelevant to us. The presence of a Civ.R. 54(B) certification only matters if a judgment first qualifies as a final, appealable order under R.C. 2505.02. *Estate of Brown* at ¶ 16. The judgment at issue in this case is not final under R.C. 2505.02, so we do not consider the Civ.R. 54(B) certification.

{¶ 14} For the foregoing reasons, we grant appellees' motion to dismiss this appeal.

*Motion granted*;
*appeal dismissed.*

BEATTY BLUNT and MENTEL, JJ., concur.

———————————