[Cite as *White v. Ferrell*, 2020-Ohio-970.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| VIRGINIA M. WHITE, | : | |
| Appellee, | : | CASE NO. CA2018-06-016 |
| | : | O P I N I O N |
| - vs - | | 3/16/2020 |
| | : | |
| DIANE L. FERRELL, | : | |
| Appellant. | : | |

APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DRH20180079

Parks and Meade, LLC, Darren L. Meade, 2602 Oakstone Drive, Columbus, Ohio 43231, for appellant

**S. POWELL, J.**

{¶ 1}   Diane Ferrell appeals the decision of the Madison County Court of Common Pleas, which granted a domestic violence civil protection order against her and in favor of petitioner Virginia White.  For the reasons outlined below, this court dismisses the appeal.

{¶ 2}   White petitioned the court for a domestic violence civil protection order ("DVCPO"), alleging that Ferrell had threatened her and hit her.  Ferrell filed her own petition

for a DVCPO against White. The court set both petitions for the same hearing.

{¶ 3} At the hearing – before a magistrate – the court heard testimony from White and Ferrell. White reiterated her allegations against Ferrell. Ferrell testified and argued in defense of White's claims. As part of her argument, Ferrell referenced various documents she claimed could disprove White's allegations.

{¶ 4} At the conclusion of the hearing, the court indicated it would issue written decisions. Ferrell then asked the court "do you need any of the evidence that I have to prove to you?" The magistrate responded, "[w]e're done." Ferrell reiterated, "[s]o I don't need to prove to you what the evidence of the e-mails and stuff like that?" [*Sic.*] The court did not respond.

{¶ 5} The next day, the court issued a DVCPO in favor of White and against Ferrell. The order was signed by both the magistrate and the judge. Paragraph 21 of the DVCPO contains the following language:

> IF THE FULL HEARING PROCEEDING WAS REFERRED TO A MAGISTRATE, the Court has reviewed the magistrate's granting of this Order and finds no error of law or other defect evident on the face of the Order. Accordingly, the Court adopts the magistrate's granting of the Order.

{¶ 6} Fourteen days later, Ferrell filed a letter with the court, which letter purported to "appeal" the protective order. The letter reiterated some of the statements Ferrell made at the hearing and specifically denied the allegation of a physical assault. Ferrell also attached various documents that were potentially referenced, but not admitted, at the hearing, including the notarized letter, e-mails, and medical records. On the same day of the filing of the "appeal" letter, Ferrell filed a notice of appeal. Ferrell presents two assignments of error for this court's review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT DEPRIVED APPELLANT-RESPONDENT OF HER

- 2 -

RIGHTS TO DUE PROCESS OF LAW AND A FAIR AND FULL HEARING WHEN IT DENIED RESPONDENT THE OPPORTUNITY TO PRESENT EVIDENCE, CROSS-EXAMINE THE PETITIONER, FAILED TO ADVISE HER OF THE ABILITY TO REQUEST A REASONABLE CONTINUANCE, AND BY PREVENTING PETITIONER FROM RESTATING TESTIMONIAL STATEMENTS IN A MANNER AUDIBLE TO ALL PARTIES.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ERRED IN GRANTING A DOMESTIC VIOLENCE CIVIL PROTECTION ORDER UNDER 3113.31 WHEN A HOUSEHOLD RELATIONSHIP BETWEEN PETITIONER AND RESPONDENT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE, AS THERE LACKED EVIDENCE OF EITHER INTERMINGLING OF FINANCES AND HOUSEHOLD RESPONSIBILITIES, OR OF CONSORTIUM.

{¶ 11} This court concludes that it is unable to review the trial court's adoption of the magistrate's grant of the protection order because Ferrell filed her appeal before the trial court could respond to her appeal letter, which this court construes as a timely-filed objection. Pursuant to Civ.R. 65.1, a magistrate is empowered to conduct the full hearing on a petition for a domestic violence civil protection order and deny or grant the order. Civ.R. 65.1(F)(3)(a). The magistrate's order is not effective until it is adopted by the court. Civ.R. 65.1(F)(3)(c)(i). The court may adopt the order upon a determination that "there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii).

{¶ 12} Within 14 days of the court's filing of the order, a party may file written objections to "a court's adoption * * * of a magistrate's denial or granting of a protection order * * *." Civ.R. 65.1(F)(3)(d)(i). Objections based upon evidence of record, such as those Ferrell set forth in her appeal letter, must be supported by a transcript of all evidence submitted to the magistrate. Civ.R. 65.1(F)(3)(d)(iv). Prior to filing an appeal, a party must timely file objections to a court's adoption of a magistrate's denial or granting of a protection

order. Civ.R. 65.1(G). The filing of the objections stays the running of the time for filing the appeal until the court has ruled on the objections. *Id.*

{¶ 13} A trial court therefore has a mandatory duty to rule on a party's timely-filed objections to the court's adoption of a magistrate's denial or granting of a protection order. In the similar context of a magistrate's decision issued pursuant to Civ.R. 53, this court has held "[i]t is well-established that an appellate court may not address an appeal of a trial court's judgment when the trial court has failed to rule on properly filed objections." *Ludwick v. Ludwick*, 12th Dist. Fayette No. CA2002-08-017, 2003-Ohio-2925, ¶ 5. Accordingly, because Ferrell noticed her appeal before the trial court had the opportunity to rule on her objections, no final order exists for this court to review. Consequently, this court dismisses the appeal for lack of jurisdiction.

{¶ 14} Appeal dismissed.

HENDRICKSON, P.J., and RINGLAND, J., concur.