[Cite as *Halcomb v. Greenwood*, 2020-Ohio-2768.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| RONALD J. HALCOMB, | : | CASE NOS. CA2019-03-019 |
| | | CA2019-03-020 |
| Appellee and Cross-Appellant, | : | CA2019-03-023 |
| | | CA2019-03-024 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 5/4/2020 |
| SCOTT GREENWOOD, | : | |
| Appellant and Cross-Appellee. | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case Nos. 2017DRH00377 and 2017DRH00540

Barbara J. Howard Co., L.P.A., Melissa Thompson Millard, 120 E. 4th Street, Suite 960, Cincinnati, Ohio 45202, for appellee and cross-appellant

Blake P. Somers, L.L.C., Blake P. Somers, 114 E. 8th Street, Cincinnati, Ohio 45202, for appellant and cross-appellee

**M. POWELL, P.J.**

{¶ 1} Appellant, Scott Greenwood ("Greenwood"), and appellee, Ronald J. Halcomb ("Halcomb"), both appeal the decision from the Clermont County Court of Common Pleas, Domestic Relations Division modifying their respective domestic violence civil protection orders ("DVCPO") against each other after remand by this court. For the

reasons stated below, we reverse the decision of the trial court.

{¶ 2} In March 2017, Halcomb petitioned the trial court for a DVCPO against Greenwood. The trial court granted an ex parte temporary DVCPO to Halcomb. Then in early May 2017, Greenwood petitioned the trial court for a DVCPO against Halcomb. The trial court likewise granted an ex parte temporary DVCPO to Greenwood. The petitions of each party sought an order for exclusive occupancy of their residence (the "Residence").

{¶ 3} The parties' petitions proceeded to a full hearing before a magistrate. During the hearing, Greenwood withdrew his request for exclusive occupancy of the Residence. After the hearing, the magistrate dismissed both petitions. Both parties filed objections to the magistrate's dismissal. On review, the trial court sustained both parties' objections and granted a DVCPO to each party. Relevant to this appeal, the trial court refused to grant either party exclusive occupancy of the Residence or the right to exclude the other from the Residence; but ordered each party to stay at least 500 feet away from the other and specifically made the 500-foot protection zone applicable within the Residence. Both parties appealed the trial court's decision.

{¶ 4} On appeal, this court affirmed the decision to grant both parties a DVCPO and affirmed the decision to deny Halcomb exclusive occupancy of the Residence.[1] *Halcomb v. Greenwood*, 12th Dist. Clermont Nos. CA2018-03-008, CA2018-03-010, CA2018-03-012, and CA2018-03-013, 2019-Ohio-194, ¶ 42, ¶ 47, and ¶ 66 ("*Halcomb I*"). However, this court found error in the conditions imposed by the DVCPOs. Specifically, this court held that the trial court abused its discretion when it allowed both parties to have access to the Residence but also required each party to remain 500 feet away from each other, finding such a condition "untenable." *Id*. at ¶ 1. Therefore, this court reversed, in part, and

---

1. Only Halcomb assigned error in the trial court's refusal to award him exclusive occupancy of the Residence.

remanded for the trial court to modify the conditions of the DVCPO to "fit more fully within the unique facts and circumstances of this case." *Id.* at ¶ 71.

{¶ 5} On remand, the trial court modified the conditions of both parties' DVCPOs to provide that it is "not a violation of the Civil Protection Order if the Respondent comes within 500 feet of the Petitioner while at the residence, including the entire lot and all structures on the lot." Therefore, the trial court modified the respective DVCPOs by removing the condition for the parties to stay 500 feet away from the other while they are in the Residence.

{¶ 6} Both parties have appealed from the trial court's amended orders raising the same assignment of error. We will discuss the assigned errors together.

{¶ 7} Joint Assignment of Error:

{¶ 8} THE TRIAL COURT ERRED WHEN IT ISSUED AN AMENDED DOMESTIC VIOLENCE CIVIL PROTECTION ORDER WHICH DID NOT COMPORT WITH THIS COURT'S MANDATE ON REMAND AND ALLOWS BOTH PARTIES ACCESS TO THEIR RESIDENCE WITHOUT RESTRICTION OR PROTECTION.

{¶ 9} In their respective briefs both parties argue that the trial court abused its discretion when it refused to grant sole occupancy of the Residence to one of the parties, because the only equitable solution was to restrict access of the other party.

{¶ 10} This court reviews the scope of a DVCPO for an abuse of discretion. *McBride v. McBride*, 12th Dist. Butler No. CA2011-03-061, 2012-Ohio-2146, ¶ 10. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} Pursuant to R.C. 3113.31, a trial court may grant a petitioner a DVCPO when there is a showing that the respondent engaged in an act of domestic violence against the

- 3 -

petitioner. The purpose of a DVCPO is the protection of a petitioner from violence by the respondent. *See e.g. Studer v. Studer*, 3d Dist. Crawford No. 3-11-04, 2012-Ohio-2838, ¶ 19. R.C. 3113.31(E)(1) lists several orders which may be included in a DVCPO to "bring about a cessation of domestic violence." Specifically, a trial court may grant possession of a residence to the petitioner and evict or order the respondent to vacate a jointly owned or leased residence or may order that the respondent "refrain from entering the [petitioner's] residence." R.C. 3113.31(E)(1)(b) and (g).

{¶ 12} The parties' main concern is their respective protected, *exclusive*, use of the Residence. Both parties argue in their briefs that the trial court erred by not awarding each sole occupancy and ordering the other to vacate the Residence. As stated above, in *Halcomb I*, this court affirmed the trial court's decision not to grant Halcomb exclusive occupancy. *Id*. at ¶ 66. Typically, such a result would remain the law of the case and circumscribe the authority of this court and the trial court on remand regarding the question of exclusive occupancy of the Residence.

{¶ 13} The law of the case doctrine is rooted in principles of res judicata and issue preclusion. *State ex rel. Union Twp. v. Union Twp. Professional Firefighters, IAFF Loc. 3412,* 12th Dist. Clermont No. CA2013-08-064, 2014-Ohio-1582, ¶ 14. Pursuant to this doctrine, the "decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Mansour v. Croushore*, 194 Ohio App.3d 819, 2011-Ohio-3342, ¶ 25 (12th Dist.), citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 2-3 (1984). The law of the case doctrine does not apply where there has been an intervening decision by a superior court, such as the Ohio Supreme Court, that is inconsistent with the law of the case. *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, ¶ 19; *accord Roush v. Brown*, 12th Dist. Butler No.

- 4 -

CA2009-09-225, 2010-Ohio-1520, ¶ 15. However, there is an exception to the general rule of the law of the case as the doctrine is considered a rule of practice, rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. *Hopkins* at ¶ 15; *Brackett v. Moler Raceway Park, L.L.C.*, 12th Dist. Brown No. CA2012-06-009, 2013-Ohio-1102, ¶ 8. Thus, we should consider whether application of the law of the case doctrine to the issue of exclusive occupancy of the Residence may lead to an "unjust result."

{¶ 14} First, as described in *Halcomb I,* it is apparent that the parties' relationship is such that they cannot interact without the situation deteriorating into a verbal altercation or worse, much less share the same living space. The Residence is owned in trust for the benefit of both parties. Under those circumstances, absent a court order, neither party may legally exclude the other from the Residence. The evidence demonstrates that association of the parties is contrary to the purposes for which the General Assembly enacted R.C. 3113.31 and some order minimizing their contact with each other is necessary.

{¶ 15} Second, we review the scope of a DVCPO for an abuse of discretion. *McBride,* 2012-Ohio-2146 at ¶ 10. Thus, when we affirmed the trial court's refusal to grant Halcomb exclusive occupancy of the Residence in *Halcomb I,* we found that doing so was not an abuse of discretion. However, our affirmance of the trial court's refusal to grant Halcomb exclusive occupancy of the Residence was not an indication that such a ruling was the only outcome that is not an abuse of discretion. Abuse of discretion review may have accommodated several outcomes, including granting exclusive occupancy of the Residence to one party or the other, so long as those results are not "unreasonable, arbitrary or unconscionable." On remand of *Halcomb I,* the trial court may have felt constrained in granting exclusive occupancy of the Residence to one of the parties due to the law of the case doctrine and our affirmance of its refusal to grant Halcomb exclusive

- 5 -

occupancy in *Halcomb I.*

{¶ 16} Because abuse of discretion review accommodates different outcomes, and due to the parties' volatile relationship, application of the law of the case doctrine would achieve "unjust results" by circumscribing the trial court's authority to consider all options to keep the parties apart from one another. Thus, we find that the law of the case doctrine does not apply under the circumstances of this case and the trial court remains free to award exclusive occupancy of the Residence to one party or the other or to both, exclusive of the other for alternating time periods. We should have addressed this in our remand in *Halcomb I.*

{¶ 17} For the reasons we have already discussed, we hold that the trial court abused its discretion by the manner in which it modified the DVCPOs. It remains untenable to allow both parties joint, unfettered occupancy of the Residence. Such an order does not promote the purpose of a DVCPO, i.e. to "bring about a cessation of domestic violence." R.C. 3113.31(E).

{¶ 18} Having found that the trial court erred with its amended order, we again remand the case to determine an equitable way to condition the reciprocal DVCPOs such that they adhere to the fundamental purpose of protecting each party from domestic violence by the other. On remand, the trial court may consider granting one party or the other exclusive occupancy of the Residence, granting the parties alternating exclusive occupancy of the Residence, or some other arrangement which will ensure the parties remain separated in a manner consistent with the purposes of R.C. 3113.31.

{¶ 19} Judgment reversed and remanded.

PIPER, J., concurs.

S. POWELL, J., dissents.


**S. POWELL, J., dissenting.**

{¶ 20} With respect to my colleagues, because I believe that the trial court did not abuse its discretion, I would affirm.