[Cite as *In re I.A.M.*, 2023-Ohio-4245.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| I.A.M. | : | CASE NO. CA2023-02-016 |
| | : | <u>O P I N I O N</u><br>11/27/2023 |
| | : | |
| | : | |
| | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 12-C001431

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Tyrone P. Borger, for appellant.

**PIPER, J.**

{¶ 1} Appellant, the biological father of I.A.M., appeals a decision of the Warren County Court of Common Pleas, Juvenile Division, ordering him to pay child support.

{¶ 2} The child in this case was born in 2009 and is currently in the custody of her grandparents. Appellant was not established as the child's biological father until DNA testing was performed in September 2022. Appellant was ordered to pay child support for

the child, but disputed the amount because he was unemployed. A magistrate held a hearing on the child support issue and ordered child support based on appellant's income in 2022.

{¶ 3} Appellant, acting pro se, filed several motions based on the magistrate's decision, including objections to the magistrate's decision and a notice of appeal. On appeal, counsel for appellant filed a brief with this court pursuant to *Anders v. California*, 386 U.S. 738, 739, 87 S.Ct. 1396 (1967). On review, however, we find that we do not have jurisdiction of the appeal because no final, appealable order was issued in the case.

{¶ 4} This court has jurisdiction to review final orders or judgments of lower courts within our district. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.01. "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). This court has no choice but to sua sponte dismiss an appeal that is not a final appealable order. *Miller v. UBS Fin. Servs.*, 12th Dist. Clermont No. CA2020-07-038, 2021-Ohio-891, ¶ 9.

{¶ 5} Juv.R. 40 addresses the use of magistrates in juvenile court and provides that a party may file written objections to a magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during the 14-day period. Juv. R. 40(D)(3)(b)(i). Pursuant to the juvenile rules, a trial court "shall rule" on any timely filed objections to a magistrate's decision. Juv.R. 40(D)(4)(d).

{¶ 6} Where a trial court has not ruled on timely filed objections, there is no final appealable order. *In re D.C.* Cuyahoga Nos. 102614 and 102631, 2015-Ohio-3038; *Ludwick v. Ludwick,* Fayette No. CA2002-08-017, 2003-Ohio-2925; *White v. Ferrell*, Madison No. CA2018-06-016, 2020-Ohio-970.

{¶ 7} The magistrate in this case issued a decision on January 24, 2023. The trial

court adopted the decision the following day, but timely objections were filed on February 3, 2023. Although a court may adopt a magistrate's decision within the 14-day period for filing of objections, the filing of objections acts as an automatic stay of the magistrate's decision, and the order is not final until any timely filed objections are ruled on by the trial court. *In re D.C.* at ¶ 15.

{¶ 8} Accordingly, because timely filed objections were filed in this case, and the trial court has not ruled on those objections, the order before us is not a final, appealable order. Therefore, this appeal is dismissed and the case is remanded to the trial court to rule on appellant's objections to the magistrate's decision.

{¶ 9} Appeal dismissed.

S. POWELL, P.J., AND HENDRICKSON, J., concur.