[Cite as *Flippin v. Gray*, 2026-Ohio-515.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| JOSHUA FLIPPIN, | : | |
| Appellant, | : | CASE NO. CA2025-06-045 |
| vs. | : | OPINION AND JUDGMENT ENTRY 2/17/2026 |
| ASHLEIGH GRAY, | : | |
| Appellee. | : | |
| | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 24DV11278

Joshua Andrew Flippin, pro se.

Lawrence W. Henke III, for appellee.

## O P I N I O N

**PIPER, J.**

{¶ 1}  Appellant, Joshua Flippin ("Father"), appeals the decision of the Warren County Court of Common Pleas, Domestic Relations Division, adopting a magistrate's

order denying his petition for a domestic violence civil protection order ("DVCPO") against appellee, Ashleigh Gray ("Mother"), naming both himself and their non-verbal, autistic son, Adam, as protected persons.[1] For the reasons outlined below, we affirm the domestic relations court's decision.[2]

## Background Information Related to DVCPOs

{¶ 2}   "The purpose of a DVCPO is the protection of a petitioner from violence by the respondent." *Halcomb v. Greenwood*, 2020-Ohio-2768, ¶ 11 (12th Dist.). "A petition requesting the issuance of a DVCPO against the respondent is governed by R.C. 3113.31." *Hankinson v. Cooper*, 2022-Ohio-1896, ¶ 13 (12th Dist.). "Pursuant to that statute, for the petitioner to obtain a DVCPO against the respondent, 'the petitioner must prove by a preponderance of the evidence that the respondent has engaged in an act of domestic violence against petitioner, petitioner's family, or petitioner's household members.'" *Id.*, quoting *McBride v. McBride*, 2012-Ohio-2146, ¶ 12 (12th Dist.). R.C. 3113.31(A)(1)(a)(iii) defines the phrase "domestic violence" to include the commission of any act with respect to a child that would result in the child being an "abused child" as that term is defined by R.C. 2151.031.

## Facts and Procedural History

{¶ 3}   The parties have a son, Adam, born on March 19, 2013. Adam is non-verbal and autistic. On February 23, 2021, the parties entered into a shared parenting plan that set forth their respective parental rights and responsibilities with respect to Adam. The plan designated Mother as Adam's residential parent for school purposes and awarded Father parenting time. More recently, in the spring of 2024, Father moved for sole legal

---

1. To protect the child's privacy, we have provided the child with a fictitious name.

2. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

custody of Adam, a request that, if granted, would terminate the shared parenting plan. Father also petitioned at least two courts for a civil protection order against Mother. This appeal addresses one of those two petitions.

{¶ 4} On October 10, 2024, Father filed a petition seeking a DVCPO against Mother, naming both himself and Adam as persons in need of protection. To support the petition, Father argued that, over the preceding few months, Adam had been acting out in an apparent attempt to communicate his "dread" when confronted with the possibility of staying in Mother's custody rather than Father's. Father also alleged that Adam was "terrified" of Mother and that the "anxiety that she causes him destabilizes his mind." Father further alleged that Mother was the likely cause of the bruising recently discovered on Adam's body, noting that Mother had supposedly not been "taking her meds for mental health." The domestic relations court granted Father a temporary ex parte DVCPO against Mother later that same day.

{¶ 5} On March 5 and April 2, 2025, a full hearing was held on Father's petition. A magistrate presided over the hearing. Shortly after the hearing concluded, the magistrate issued an order denying Father's DVCPO petition and vacating the temporary ex parte DVCPO previously imposed on Mother. The magistrate found the evidence insufficient to support Father's allegations that Mother had committed an act of domestic violence against their son, Adam, that would necessitate the issuance of a DVCPO. In reaching this decision, the magistrate noted his belief that Father's efforts to obtain a DVCPO against Mother were nothing more than an attempt to influence the decision on Father's then still-pending motion for sole legal custody of Adam. The domestic relations court adopted the magistrate's order later that same day.

{¶ 6} On April 16, 2025, Father filed his initial objections to the domestic relations court's decision adopting the magistrate's order. He supplemented those objections on

May 8, 2025. However, Father never filed with the domestic relations court a transcript of the hearing held on his petition for a DVCPO against Mother. This was a requirement imposed upon Father by Civ.R. 65.1(F)(3)(d)(iv). Pursuant to that rule, "[o]bjections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available."

{¶ 7}   On May 20, 2025, the domestic relations court issued a decision overruling Father's objections to its adoption of the magistrate's order. In so ruling, the court noted that Father had not provided it with a transcript of the full hearing held on his DVCPO petition, as required by Civ.R. 65.1(F)(3)(d)(iv). The court determined that the lack of a transcript made it impossible to know "what evidence was presented to the magistrate" and "no way of knowing whether the magistrate made the proper ruling based on the evidence submitted." The court thereafter concluded that, given Father's failure to provide the necessary transcript, "Father's objections must be overruled for that reason alone."

{¶ 8}   Notwithstanding the lack of a transcript, the domestic relations court then addressed—to the extent that it could—the merits of Father's objections. This included the domestic relations court's initial statement regarding Father's argument that the magistrate's order was against the manifest weight of the evidence, as follows:

> In his initial objection, Father argued that the Magistrate's finding was erroneous because it was against the manifest weight of the evidence and failed to adequately consider the totality of the circumstances, including new evidence Father had. In his supplemental memorandum, Father added that it was unclear what evidence and exhibits were admitted, creating "substantial ambiguity" and "potentially obscuring key information."

{¶ 9}  Continuing, the domestic relations court then stated:

> Upon consideration of this objection, the Court notes that this is exactly why Father should have followed the law and provided a transcript of the proceedings. Without it, the Court is unable to know what Father testified to and whether the

Magistrate was wrong in not believing it. Accordingly, Father's first objection is overruled.

The domestic relations court ruled in a substantially similar manner on each of Father's other objections.

{¶ 10} On June 20, 2025, Father filed a notice of appeal. Father's appeal was submitted to this court for consideration on January 14, 2025. Father's appeal is now properly before this court for decision. To support his appeal, Father has raised one assignment of error for review.

**Father's Single Assignment of Error for Review**

{¶ 11} THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY VIOLATING O.R.C. § 5123. – BY VIOLATING O.R.C. § 5123.62 WHEN IT CREATED A JUDICIAL CATCH-22: DEFERRING TO A PARTIALLY INFORMED JUVENILE COURT WHILE EXCLUDING CRITICAL EVIDENCE, INCLUDING EXPERT TESTIMONY, BASED IN PART ON INFECTED PRIOR COURT DECSION[S] POSING A PROCEDURAL DEADLINES [sic], ULTIMATELY DENYING THE ABILITY TO DEMONSTRATE THE MERITS OF HIS PETITION, AND DISMISSING PROTECTIONS DESPITE CURRENT PROOF OF ONGOING HARM TO A NON-VERBAL AUTISTIC CHILD.

{¶ 12} In his sole assignment of error, Father argues that the domestic relations court erred in overruling his objections to its decision adopting the magistrate's order denying his petition for a DVCPO against Mother. To support this claim, Father advances a series of rambling, generally incoherent arguments asserting that the domestic relations court should have sustained his objections, rejected the magistrate's order denying his petition, and granted a DVCPO against Mother. These arguments include Father's challenges to the sufficiency and manifest weight of the evidence supporting the domestic relations court's decision. To the extent they are discernible, we find no merit in any of Father's arguments.

{¶ 13} The rules governing DVCPOs are set forth in Civ.R. 65.1. *Pinkston v. White*, 2019-Ohio-5165, ¶ 11 (12th Dist.). Pursuant to Civ.R. 65.1(F)(3), a petition for a DVCPO

- 5 -

may be referred to a magistrate for a full hearing and determination. Upon conclusion of that hearing, the magistrate may issue an order granting or denying the DVCPO at issue. Civ.R. 65.1(F)(3)(a). Such an order "does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules." The magistrate's order is nevertheless "not effective unless adopted by the court." Civ.R. 65.1(F)(3)(c)(i). "[T]he court may adopt the magistrate's denial or granting of the [DVCPO] upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). "A court's adoption, modification, or rejection of a magistrate's denial or granting of a [DVCPO] after a full hearing shall be effective when signed by the court and filed with the clerk." Civ.R. 65.1(F)(3)(c)(v).

{¶ 14} Upon the court's adoption, modification, or rejection of the magistrate's order, either party may file written objections to the court's decision to adopt, modify, or reject that order. Civ.R. 65.1(F)(3)(d)(i). These objections, if any, must be filed within 14 days of the court's adoption, modification, or rejection. *Id.* Within those objections, the objecting party has the burden of showing (1) an error of law or other defect is evident on the face of the DVCPO; (2) the credible evidence of record is insufficient to support the granting or denial of the DVCPO; or (3) the magistrate abused his or her discretion by including or failing to include specific terms in the DVCPO. Civ.R. 65.1(F)(3)(d)(iii). "Objections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available." Civ.R. 65.1(F)(3)(d)(iv). The objecting party must file the requisite transcript or affidavit with the court within 30 days after the filing of the objections, "unless the court extends the time in writing for preparation of the transcript or other good cause." *Id.*

{¶ 15} Pursuant to Civ.R. 65.1(G), a party must timely file objections to a court's

- 6 -

decision adopting, modifying, or rejecting a magistrate's order that either grants or denies a DVCPO before filing an appeal. "This requirement is grounded in two key principles: (1) to promote the fair administration of justice, including affording the domestic relations court an opportunity to review the transcript and address any insufficiency of evidence or abuse of discretion that would render the order or a term of the order unjust; and (2) to create a more robust record upon which the appeal may proceed." *Alomari v. Almajali*, 2020-Ohio-4349, ¶ 57 (12th Dist.), citing 2016 Staff Note to Civ.R. 65.1. "The filing of the objections stays the running of the time for filing the appeal until the court has ruled on the objections." *White v. Ferrell*, 2020-Ohio-970, ¶ 12 (12th Dist.), citing Civ.R. 65.1(G).

{¶ 16} On appeal, the court's decision to adopt, modify, or reject a magistrate's order granting or denying a DVCPO will not be reversed "where such decision is supported by the manifest weight of the evidence." *Barrett v. Barrett*, 2017-Ohio-250, ¶ 19 (12th Dist.). This requires the court's decision to be "supported by some competent, credible evidence going to all essential elements of the case." *McGrady v. Muench*, 2019-Ohio-2677, ¶ 14 (12th Dist.). This is because, when reviewing a challenge to the manifest weight of the evidence, this court "is required to uphold the judgment so long as the record, as a whole, contains some evidence from which the trier of fact could have reached its ultimate factual conclusions." *Chasteen v. Lynch*, 2024-5857, ¶ 95 (12th Dist.).

{¶ 17} Given its plain language, and when considering the basis of Father's objections, it was Father's duty under Civ.R. 65.1(F)(3)(d)(iv) to provide the domestic relations court with the transcript of the full hearing held on his petition for a DVCPO against Mother. Father's failure to do so deprived the domestic relations court of the ability to conduct a meaningful review of the magistrate's order at issue in this case. This is particularly true here as it relates to the magistrate's finding the evidence insufficient to

support Father's allegations that Mother had engaged in an act of domestic violence against their son, Adam. This is because, just as the domestic relations court found, Father's failure to provide the necessary hearing transcript made it impossible for the court to know "what evidence was presented to the magistrate" and "no way of knowing whether the magistrate made the proper ruling based on the evidence submitted." This was not an error.

{¶ 18} Because Father failed to provide the domestic relations court with the necessary hearing transcript, the domestic relations court's review of the magistrate's order was limited to the magistrate's findings set forth in the order. *Tilbrook v. Francis*, 2018-Ohio-4064, ¶ 24 (12th Dist.). This court is similarly limited in its review on appeal. *Id.* This court must instead presume the regularity of the proceedings. *Id.*, quoting *In re Adoption of R.M.T.*, 2018-Ohio-1691, ¶ 20 (12th Dist.) ("[w]here a party fails to provide a transcript of a hearing, or an acceptable alternative as required by App.R. 9, this court must presume regularity of the proceedings"). This remains true despite Father having since filed the necessary hearing transcript with this court. This is because, as it is now well established, "[t]his court cannot consider the transcripts and exhibits even if they were provided to this court because our review is limited to the evidence that was before the trial court." *K.K.S. v. M.M.J.*, 2024-Ohio-70, ¶ 22 (8th Dist.); *Younker v. Mook*, 2022-Ohio-3699, ¶ 15 (11th Dist.).

{¶ 19} Consequently, given the record properly before this court, we cannot say the domestic relations court erred by adopting the magistrate's order denying Father's petition for a DVCPO against Mother. *See, e.g., Henderson v. Fowler*, 2021-Ohio-144, ¶ 12 (2d Dist.) (holding in an appeal from a domestic relations court's adoption of a magistrate's order denying appellant's petition for a civil sexually oriented offense protection order that, because appellant "failed to provide a transcript of the full hearing

before the magistrate, as required by Civ.R. 65.1[F][3][d][iv]," the court had "no record of the evidence presented to the magistrate, and we cannot speculate what testimony was given at that hearing," thereby requiring it to instead "presume that the evidence supported the magistrate's findings" and affirm). Therefore, finding no error in the domestic relations court's decision, Father's single assignment of error lacks merit and is overruled.

## Conclusion

{¶ 20} For the reasons outlined above, Father's appeal of the domestic relations court's decision adopting a magistrate's order denying his petition for a DVCPO against Mother is denied.

{¶ 21} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas, Domestic Relations Division, for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge


/s/ Robin N. Piper, Judge


/s/ Mike Powell, Judge